

ENTERED
04/06/2020

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| **EP ENERGY CORPORATION,** *et al* | § | **CASE NO: 19-35654** |
| **Debtor(s)** | § | |
| | § | **CHAPTER  11** |
| | § | |
| **EP ENERGY E&P COMPANY, L.P,** | § | |
| **Plaintiff(s)** | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 19-03660** |
| | § | |
| **MALTSBERGER/STOREY RANCH, LLC,** | § | |
| *et al* | § | |
| **Defendant(s)** | § | |

## MEMORANDUM OPINION

On October 31, 2019, EP Energy E&P Company, L.P. ("EP Energy") initiated this adversary proceeding against Maltsberger/Storey Ranch, LLC, Storey Minerals, Ltd., and Rene R. Barrientos, Ltd. (collectively, the "MSB Owners"). (*See* ECF No. 1). In its Complaint, EP Energy seeks a declaration that the MSB Owners do not hold a valid judgment lien against EP Energy, because the Abstract at issue fails to substantially comply with the statutory requirements of Texas Property Code § 52.003, or, in the event that the Abstract does comply with Texas law, the lien is nevertheless avoidable as a preferential transfer pursuant to 11 U.S.C. §§ 547(b) and 550(a). (*See* ECF No. 1).

On January 6, 2020, EP Energy filed a motion for summary judgment on the basis that the Abstract did not create a valid judgment lien. (*See* ECF No. 11). The MSB Owners filed a response opposing EP Energy's motion for summary judgment, arguing that the Abstract, along with the attached final trial court judgment substantially complied with the requirements set forth in Chapter 52 of the Texas Property Code. (*See* ECF No. 16).

For the reasons set forth below, the Court grants summary judgment in favor of EP Energy.  The MSB Owners' abstract does not create an enforceable lien.

## Background[1]

On May 29, 2018, the MSB Owners initiated a lawsuit against EP Energy based on a purported breach of contract in the 81st District court of La Salle County, Texas, "alleging that EP Energy breached a most favored-nations provision in three oil-and-gas leases with respect to the payment of bonus and delay rentals."[2]  (ECF No. 1 at 5).

The MSB Owners did not serve EP Energy with the citation at EP Energy's physical address or at the address of EP Energy's registered agent.  (ECF No. 1 at 5).  Rather, on June 14, 2018, EP Energy received a copy of the state lawsuit via email correspondence.  (ECF No. 1 at 5).  EP Energy agreed to waive service of process pursuant to Texas Rule of Civil Procedure 119.  (ECF No. 1 at 5).  The waiver was memorialized through an agreement pursuant to Texas Rule of Civil Procedure 11.  (ECF No. 1 at 5).

During the time of the state court trial, both EP Energy and the MSB Owners filed cross-motions for summary judgment, "regarding the construction of the most favored-nations provision."  (ECF No. 1 at 5).  On June 6, 2019, the trial court granted in part and denied in part the MSB Owners' motion for partial summary judgment.  (ECF No. 1 at 5).  The trial court "held that EP breached the leases with respect to payment of bonus," which entitled the MSB Owners to additional bonus beyond the bonus already paid by EP Energy.  (ECF No. 1 at 5–6).  The trial court, however, denied the MSB Owners' request for an increase in delay rentals under the most favored-nations provision."  (ECF No. 1 at 6).

---

[1] A substantial portion of this background section was written in reliance on the parties' briefing.  It is included solely for background and does not constitute findings of fact by the Court.

[2] The state court lawsuit is styled *Storey Minerals, Ltd., Maltsberger/Storey Ranch, LLC, & Rene R. Barrientos, Ltd. v. EP Energy E&P Co., LP*, Cause No. 18-05-00083-CBVL.  (ECF No. 16 at 3).

Thereafter, EP Energy moved for summary judgment, seeking a determination from the trial court as to the proper interest rate applicable to the final judgment.  (ECF No. 1 at 6).  The MSB Owners opposed the relief requested by EP Energy.  (ECF No. 11 at 11).  EP Energy and the MSB Owners, however, eventually reached an agreement, whereby they stipulated to the following interest rate amounts: (i) a 5.5 % per annum interest rate applicable to the money judgment, and (ii) a 5.0% per annum interest rate applicable to attorney's fees and expenses.  (ECF No. 1 at 6).  EP Energy and the MSB Owners also reached agreement as to separate facts, making several other stipulations, none of which are applicable to the question at issue.  (*See* ECF No. 1 at 6).

On June 19, 2019, the trial court signed the Final Judgment, which was entered on the docket on July 11, 2019.  (ECF Nos. 1 at 6; 16 at 3).  On July 16, 2019, the MSB Owners obtained an Abstract, which was recorded on August 22, 2019 as "Document 00132239, Volume 1048, Page 494 of the Official Records of La Salle County, Texas."  (ECF No. 16 at 3).  Most notably, and at issue in this adversary proceeding is the following information listed in the Abstract:

| | |
|---|---|
| **EP Energy's Registered Agent's Address** | CT Corporation System, 1999 Bryan St., Suite 900 Dallas, TX |
| **Attorney's Fees** | $375,000.00 for trial court and $55,000.00 and a conditional award of $55,000.00 for court of appeals, $26,156.25 incurred expert. |
| **Post-Judgment Interest Rate** | 5.5% per annum |

(ECF No. 11-1 at 11).

On July 17, 2019, EP Energy perfected an appeal from the Final Judgment and "superseded the Final Judgment by depositing a cashier's check with the trial clerk the same

day."  (ECF No. 1 at 6–7).  EP Energy's appeal "remains pending in the Texas Fourth Court of Appeals and the Final Judgment remains superseded."  (ECF No. 1 at 7).

EP Energy filed chapter 11 Bankruptcy on October 3, 2019.  (*See* Case No. 19-35654; ECF No. 1).  On October 31, 2019, EP Energy initiated this adversary proceeding against the MSB Owners, seeking: (i) a declaration that the MSB Owners do not hold a valid judgment lien, because the Abstract at issue fails to substantially comply with the statutory requirements of Texas Property Code § 52.003; or, (ii) in the alternative, that even if there exists a valid judgment lien by virtue of the Abstract filed, the lien is avoidable as a preferential transfer pursuant to 11 U.S.C. §§ 547(b) and 550(a).  (*See* ECF No. 1).

On January 6, 2020, EP Energy filed a motion for summary judgment on the basis that the Abstract did not create a valid judgment lien in light the MSB Owners' failure to comply with Texas Property Code § 52.003.  (*See* ECF No. 11).  Specifically, EP Energy claims that the Abstract fails to create a valid judgment lien because the Abstract: (i) adds an unconditional $55,000.00 to the Final Judgment in the form of attorney's fees in violation of § 52.003(a)(8); (ii) overstates the post-judgment rate applicable to attorney's fees and expenses in the Final Judgment in contravention of § 52.003(a)(10); and (iii) fails to include EP Energy's address as required by § 52.003(a)(6).  (ECF No. 11 at 7).

On February 10, 2020, the MSB Owners filed a response in opposition to EP Energy's motion for summary judgment.  (*See* ECF No. 16).  In its response, the MSB Owners claim that the Abstract substantially complies with § 52.003, and therefore created a valid judgment lien. (*See* ECF No. 16).  Specifically, the MSB Owners note that the Final Judgment was attached to the Abstract, making the Abstract and the Final Judgment a single document.  The MSB Owners argue that, taken together, the documents supply the necessary information to substantially

comply with § 52.003.  (ECF No. 16 at 20 ("Alternatively, the Abstract substantially complies with the Requirements of section 52.003 of the Texas Property Code as filed because the MSB Owners filed both the Abstract and a copy of the Final Judgment together, which constituted one instrument.")).  Therefore, any inadvertence or omission in the Abstract can be resolved by looking at the four corners of the document, which includes both the Abstract and the Final Judgment.  (ECF No. 16 at 20 ("To the extent the Abstract is deficient, [] the Final Judgment can be referenced." (citation omitted))).

On March 4, 2020, this Court held a hearing on EP Energy's motion for summary judgment.  (*See* ECF No. 21).  At the hearing, the Court denied EP Energy's claim that the Abstract failed to comply with § 52.003(a)(6) in listing EP Energy's registered agent's address rather than EP Energy's physical address.  (ECF No. 21 at 53 ("[T]his is the Defendant's address for these purposes, and I'm going to rule against you on the address question . . . .")).  Therefore, the remaining issues before the Court are whether the Abstract substantially complies with Texas Property Code §§ 53.002(a)(8), (10).

## Jurisdiction

The District Court has jurisdiction over this proceeding under 28 U.S.C. § 1334(a).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (C), and (O).  Pursuant to 28 U.S.C. § 157(a), this proceeding has been referred to the Bankruptcy Court by General Order 2012-6.

## Summary Judgment Standard

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Fed. R. Bank P. 7056 incorporates Fed. R. Civ. P. 56 in adversary proceedings.  A party seeking summary judgment must demonstrate the absence of genuine

dispute of material fact by establishing the absence of evidence supporting an essential element of the non-movant's case. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder in favor of the non-moving party. *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

In cases involving the interpretation of a contract, summary judgment is only appropriate where the language of the contract is unambiguous. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1192 (2d. Cir. 1996); *Cooper Indus., LLC v. Precision Castparts Corp*., 2016 WL 4939565, at *6 (S.D. Tex. Sept. 14, 2016).

A court views the facts and evidence in light most favorable to the non-moving party at all times. *Plumhoff v. Rickard*, 572 U.S. 765 768 (2014). Nevertheless, the court is not obligated to search the record for the non-moving party's evidence. *Keen v. Miller Envtl. Grp., Inc*., 702 F.3d 239, 249 (5th Cir. 2012). "Summary judgment may not be thwarted by conclusion allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill v. State Farm Mut. Auto. Ins. Co*., 805 F.3d 535, 538 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1715 (2016).

A party asserting that a fact cannot be or is genuinely disputed must support that assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support that fact. Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. *Wheat v. Fla. Par. Juvenile Justice*

*Comm'n*, 811 F.3d 702, 713 (5th Cir. 2016).  A credibility determination may not be part of the summary judgment analysis.  *E.E.O.C. v. LHC Grp., Inc.,* 773 F.3d 688, 694 (5th Cir. 2014). However, a party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.  Fed. R. Civ. P. 56(c)(2).  Moreover, the Court is not bound to search the record for the non-moving party's evidence of material issues.  *Willis v. Cleco Corp.,* 749 F.3d 314, 317 (5th Cir. 2014).

"The moving party bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact."  *Nola Spice Designs, L.L.C. v. Haydel Enter., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015).  The evidentiary support needed to meet the initial summary judgment burden depends on whether the movants bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence entitling the movant to judgment at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986).  Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact.  Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 322–24.  The non-moving party must cite to specific evidence demonstrating a genuine dispute.  Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 324.  The non-moving party must also "articulate the manner in which that evidence supports that party's claim."  *Duffie v. United States,* 600 F.3d 362, 371 (5th Cir. 2010).  Even if the movant meets its initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

## Analysis

"Texas law provides that a properly recorded and indexed abstract of a non-dormant judgment establishes a lien on the judgment debtor's real property in the county where the abstract is recorded and indexed." *In re Johnston*, No. 01-50865, 2002 WL 495651, at *1 (5th Cir. Mar. 18, 2002) (citing TEX. PROP. CODE § 52.001). According to Texas Property Code § 52.003(a), in order to be valid, an abstract of judgment must meet several requirements. *See* TEX. PROP. CODE § 52.003(a) (listing a total of ten requirements). The requirements at issue in this adversary proceeding are as follows:

> (6) the defendant's address, or if the address is not shown in the suit, the nature of the citation and the date and place of service of citation;[3]

> (8) the amount for which the judgment was rendered and the balance due; and

> (10) the rate of interest specified in the judgment.

TEX. PROP. CODE § 52.003(a)(6), (8), (10). "The judgment creditor bears the responsibility of ensuring that the clerk of court abstracts the judgment properly." *In re Johnston*, 2002 WL 495651 at *1 (citing *Citicorp Real Estate, Inc. v. Banque Arabe Internationale D'Investissement*, 747 S.W.2d 926, 929 (Tex. App.—Dallas 1988, writ denied)).

"Because a judgment lien is created by statute, substantial compliance with the statutory requirements is mandatory before a creditor's lien will attach." *Gary E. Patterson & Assoc., P.C. v. Holub*, 264 S.W.3d 180, 193 (Tex. App.—Houston [1st Dist.] 2008) (citing *Hoffman, McBryde & Co., P.C. v. Heyland*, 74 SW.3d 906, 909 (Tex. App.—Dallas 2002, pet denied)); *see In re Johnston*, 2002 WL 495651 at *1. "Substantial compliance allows only a minor deficiency in an element of the abstract of judgment as opposed to omitting a statutorily required element

---

[3] As noted above, at the hearing on EP Energy's motion for summary judgment, the Court found that the MSB Owners' use of EP Energy's registered agent's address substantially complied with Texas Property Code § 52.003(a)(6). (ECF No. 21 at 53 ("[T]his is the Defendant's address for these purposes, and I'm going to rule against you on the address question . . . .")).

altogether.  *Holub*, 126 S.W.3d at 193 (first citing *Olivares v. Nix Trust*, 126 S.W.3d 242, 248 (Tex. App.—San Antonio 2003, pet. denied); then citing *Citicorp Real Estate, Inc.*, 747 S.W.2d at 929–30); *see In re Johnston*, 2002 WL 495651 at *1.

The purpose of Property Code §§ 52.003 and 52.004 is two-fold: (1) to create a judgment lien in the first place, and (2) to provide notice to subsequent purchasers of that lien's (and the judgment's) existence.  *Holub*, 264 S.W.3d at 194 (citing *Olivares*, 126 S.W.3d at 247); *see e.g. Rosenfield v. Alloy & Stainless, Inc. (In re Rosenfield)*, 62 B.R. 515, 520 (Bankr. N.D. Tex. 1986) ("The relevant statutes are TEX. PROP. CODE ANN. §§ 52.003 and 52.004.").  "As for the former purpose, if an abstract does not substantially comply with the statutory requirements governing the abstract's contents, 'it is ineffective to create a lien *despite the actual knowledge* by others of the contents of the defective abstract or related judgment.'"  *Id*. (emphasis added). "That is '[s]ubstantial compliance with section 52.003 is *essential and mandatory* to the creation of the lien itself and is not required solely to ensure that subsequent purchasers are provided notice.'"  *Id*.

### I.    *Amount under § 52.003(a)(8)*

Under § 52.003, "an abstract of a judgment must show . . . [] the amount for which the judgment was rendered and the balance due."  TEX. PROP. CODE § 52.003(a)(8).  There is no question that the Abstract at issue contains "the amount for which the judgment was rendered and the balance due" under § 52.003—the Abstract identifies the award of attorney's fees, an amount due under the Final Judgment.  The crux of the issue before the Court is whether the amount of attorney's fees—as listed in the Abstract—substantially complies with § 52.003(a)(8). EP Energy argues that the Abstract's error adds a term in violation of § 52.003(a)(8), while the

MSB Owners contend that the language in the Abstract is merely a typo, which can easily be remedied by looking to the attached Final Judgment.  (ECF No. 21 at 21–27, 41–42).

The chart below demonstrates the language difference at issue between the Abstract and the Final Judgment:

| Abstract | Final Judgment |
|---|---|
| "$375,000.00 for trial court *and $55,000.00* and a conditional award of $55,000.00 for court of appeals, $26,156.25 incurred expert." | "$375,000.00 for the MSB Plaintiffs' attorney's fees for proceedings at the trial court, $55,000.00 for the MSB Plaintiffs' attorney's fees at the court of appeals conditioned on the MSB Plaintiffs prevailing on appeal . . . $15,000 if the MSB Plaintiffs are required to file a response . . . another $30,000 if the Texas Supreme Court grants full briefing on the merits, and another $25,000 through oral argument. . . . [and] actually incurred expert witness fees in the following amounts: $26,156.25." |

(ECF No. 11-1 at 11, 14–15) (emphasis added).

EP Energy contends that the MSB Owners failed to substantially comply with § 52.003(a)(8), a required element of the Texas Property Code, through the added "and $55,000.00" language in the attorney's fees section of the Abstract.  (ECF No. 17 at 6).  EP Energy argues that the added language creates a misrepresentation as to the amount of attorney's fees awarded, which acts as an "added term", thereby generating a variance or conflict with the Final Judgment.  (ECF Nos. 11 at 20; 17 at 6–7).  The MSB Owners contend that the added language is merely a "typo", which "becomes immediately apparent to a reasonable person" who reads the sentence in full.  (ECF No. 16 at 19).  Although the MSB Owners admit that "the language [in the abstract] is not terribly artful," they maintain that any confusion created by this "typo" is made clear by looking to the Final Judgment, which is attached to, and filed

contemporaneously with, the Abstract.  (ECF No. 21 at 44 ("[T]he judgment itself will make clear what the actual award was.")).

The MSB Owners rely on *James v. Midland Grocery & Dry Goods Co*., 146 S.W. 1073 (Tex. Civ. App.—El Paso 1912, writ ref'd) for the proposition that a court may look beyond the abstract and to a contemporaneous filing for any missing but required information.  (ECF No. 16 at 20).  In *Midland Grocery*, the court found that in light of the fact that the Supreme Court of Texas "does not require any particular form" as to an abstract, the parties could look to a certificate, which was contiguous to the abstract in the County Clerk's records and part of the same proceeding, to supply the element missing from the abstract.  *Midland Grocery*, 146 S.W. at 1074.  Importantly, in finding that the certificate could be used to supply the missing cause number in the abstract, the court in *Midland Grocery* noted that it was "apparent that no person investigating the record could be misled by the lack of the number in the abstract when the same appears immediately contiguous thereto in the certificate."  *Id*.  Therefore, it was the lack of uncertainty or variance between the abstract and the certificate, along with their proximity which allowed for the creation of the judgment lien.

The *Midland Grocery* Court took pains to note that the two documents did not conflict when one listed the full names of the parties and the other listed initials:

> Neither do we think there is anything in appellant's objection that there is a variance between the certificate and the abstract.  In the abstract the defendants' names were given in full.  In the certificate they were described as "B. W. Lee et al."  The two being recorded and constituting, as it were, one instrument, there is here no more variance than if in one portion of an instrument the defendants' names were given in full and in another portion they were described by naming one of them followed by the abbreviation "et al."

*Id.* at 1074. At best, the preceding section of the opinion limits its applicability to situations in which no conflict exists. At worst, it implies that the existence of a conflict would be a fatal defect.

The MSB Owners are correct in that *Midland Grocery* stands for the proposition that this Court may look to the Final Judgment—which is attached to and was filed contemporaneously with the Abstract—to supply a missing element. But, in this instance, the attorney's fees portion of the Abstract is not a missing term. It is stated. But it is stated incorrectly. (ECF No. 11-1 at 11). The "and $55,000.00" term is already found within the Final Judgment—with this the MSB Owners agree. (ECF No. 16 at 19 (noting that unlike the court in *Rogers v. Peeler*, 271 S.W.3d 372, 378–79 (Tex. App.—Texarkana, 2008 pet. denied), here the "55,000.00" term was not completely absent from the Final Judgment)). Rather, the issue before the Court presents a situation in which the Abstract contains an error—an additional and purportedly unconditional, $55,000.00 in attorney's fees.

*Purpose & Requirements*

At the hearing on EP Energy's motion for summary judgment, neither party was able to introduce a case under which a court, when presented with an error in an abstract—rather than a missing term—sought resolution of the conflict or variance by looking to the Final Judgment. (*See* ECF No. 21 at 41–47). Neither has this Court found such a case. Therefore, the Court turns to the purpose of the statute, and its interaction with the statute's mandatory requirements.

As mentioned previously, the purpose of Property Code §§ 52.003 and 52.004 is two-fold: (1) to create a judgment lien in the first place, and (2) to provide notice to subsequent purchasers of that lien's (and the judgment's) existence. *Gary E. Patterson & Assoc, P.C. v. Holub*, 264 S.W.3d 180, 194 (Tex. App.—Houston [1st Dist.] 2008) (citing *Olivares*, 126

S.W.3d at 247).  "The purposes of the abstract-of-judgment statute are 'to provide a means of ascertaining the existence of judgment liens and to indicate the source from which full information may be obtained.'"  *Id*. at 378–79 (first citing *Houston Inv. Bankers Corp. v. First City Bank*, 640 S.W.2d 660, 662 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); then citing *Hoffman, McBryde & Co., P.C. v. Heyland*, 74 SW.3d 906, 910 (Tex. App.—Dallas 2002, pet denied)); *see Rosenfield v. Alloy & Stainless, Inc. (In re Rosenfield)*, 62 B.R. 515, 522 (Bankr. N.D. Tex. 1986) ("The purpose of statutes governing the fixing of judgment liens is to provide 'notice to strangers of the existence of the judgment lien thereby sought to be established.'").  Accordingly, the "statutory requirements are not to be enforced blindly.  The central question in each case is the *adequate provision of notice* to the public through the filing of an *adequate abstract*."  *Rogers*, 271 S.W.3d at 375 (emphasis added).

Although the MSB Owners urge this Court to find that the purpose of § 52.003 is fulfilled in light of the purported insignificance of Abstract's error, categorizing the added language instead as a "typo" which can be fixed by looking to the Final Judgment, the Court cannot do so.  Although the purpose of the statute is to create notice, the notice must be adequate and in compliance with the statutory requirements under § 52.003(a).  Substantial compliance cannot be found where an element is erroneous.

"Historically, Texas courts have construed the statutes governing judgment liens strictly." *In re Rosenfield*, 62 B.R. at 521 (discussing *Askey v. Power*, 36 S.W.2d 446 (Tex. Comm'n App. 1931) wherein the court found a judgment "lien was not created when the abstract of judgment recorded by the clerk was $.18 less than the actual judgment . . . .").  Specifically, "courts strictly construe the requirement that the abstract of judgment show the amount for which the judgment was rendered.  *Holub*, 264 S.W.3d at 193.  "[I]f an abstract does not substantially comply with

the statutory requirements governing the abstract's contents, 'it is ineffective to create a lien *despite the actual knowledge by others* of the contents of the defective abstract or related judgment.'" *Id.* at 194 (citing *Citicorp Real Estate, Inc.*, 747 S.W.2d at 930) (emphasis added)). "That is, '[s]ubstantial compliance with section 52.003 is *essential and mandatory* to the creation of the lien itself and is not required solely to ensure that subsequent purchasers are provided notice." *Id.* (citing *Citicorp Real Estate, Inc.*, 747 S.W.2d at 931). Moreover, "the judgment creditor bears the responsibility of ensuring that the clerk of court abstracts the judgment properly." *In re Johnston*, 2002 WL 495651, at *1 (citing *Citicorp Real Estate,* 747 S.W.2d at 929).

The situation before the Court is not one similar to *Midland Grocery* in which a third party may look to the Final Judgment to simply fill in an omitted term. The added language creates confusion as to the amount of attorney's fees. That a third party may look to the attached Final Judgment to resolve the conflict caused by the error in the abstract, or the fact that a person is already aware of the contents of the Final Judgment, is not determinative. Rather, courts must separately determine whether there is substantial compliance with § 52.003(a). An erroneous statement of the amount of attorney's fees does not constitute substantial compliance. *See In re Johnston*, 2002 WL 495651, at *1 (finding failure to comply where the abstract added a rate of interest not specified in the judgment); *Midland County v. Tolivar's Estate*, 137 Tex. 600, 601– 03 (1941) (holding an abstract of judgment failed to substantially comply with the statute where it misstated the amounts of the original judgment and the balance due, and further erroneously included a post judgment interest rate where the judgment itself did not specify any post judgment interest). It was the judgment creditor's burden to provide the correct information at the time of issuance. *See, e.g. In re Rosenfield*, 62 B.R. at 522 (noting the that the judgment

lienholder "is not in any sense an innocent purchaser.  If his lien fails to attach, he loses nothing.  His judgment still remains unimpaired in its full amount").  Accordingly, the MSB Owners did not substantially comply with § 52.003(a)(6) when they included a set of fees not found in the Final Judgment.

### II.     Interest under § 52.003(a)(8)

The abstract contains a second error.  It lists a single interest rate for the entire judgment, rather than separate interest rates for the principal of the judgment and for the attorney's fees portion of the judgment.  Here is a comparison of the Abstract and the Final Judgment:

| Abstract | Final Judgment |
|---|---|
| "5.5% per annum" | "EP Energy is hereby ORDERED to pay the MSB Plaintiffs post-judgment interest on the judgment at the rate of 5.5% per annum, compounded annually, from the date on which this judgment is signed until the date on which this judgment is satisfied as to the sum of the judgment *except that the applicable judgment interest rate for attorney's fees and expenses will be 5% per annum, compounded annually*...." |

(ECF No. 11-1 at 11, 16) (emphasis added).

There is no confusion in the Abstract, and no reason to examine the attached Final Judgment to clarify this error.  The MSB Owners' argument that a reader would have looked to the Final Judgment to clarify the awkward recitation of the amount of the judgment is inapplicable to the interest rate error.  There is an unambiguous, albeit incorrect, recitation of the interest rate.

For substantially the same legal reasons set forth above, the Court holds that the interest rate error is fatal to the Abstract.

### **Conclusion**

The Court will issue an order consistent with this Memorandum Opinion.

SIGNED **April 6, 2020.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE